**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathaniel Hearn, ) | No. CV 08-448-PHX-MHM |
| )  Petitioner, ) | **ORDER** |
| vs. ) | |
| ) | |
| Charles L. Ryan, et al., ) | |
| )  Respondents. ) | |
| ) | |

Currently pending before this Court are Respondents' Motion for Reconsideration and Notice of Supplemental Authority, (Doc. 36), and Petitioner's Motion to Appoint Counsel and to Be Present at Hearing. (Doc. 35). Having carefully reviewed the Parties' motions, the Court issues the following Order:

**I.     Procedural Background**

Petitioner filed his *pro se* Petition for Writ of Habeas Corpus on March 3, 2008. (Doc. 1). Respondents filed their answer on October 10, 2008, (Doc. 15), and the motion became fully briefed on February 10, 2009, when Petitioner filed his reply. (Doc. 19). On October 13, 2009, Magistrate Judge Mark Aspey issued his Report and Recommendation ("R&R") denying in full Petitioner's Petition for Writ of Habeas Corpus and recommending it be dismissed with prejudice. (Doc. 19).

After being given numerous extensions of time, on January 27, 2010, Petitioner filed

his objections to the "R&R." (Doc. 24). Respondents responded on February 18, 2010 (Doc. 25). Two months later, on April 1, 2010, Petitioner moved that he be allowed to supplement his objections to the R&R in light of the Ninth Circuit's decision in Frantz v. Hazey, 533.F3d. 724 (9th Cir. 2008) (en banc). Because of the factual similarity between Frantz and the instant case, and out of an abundance of caution, on July 20, 2010, the Court granted Petitioner's motion. (Doc. 27). Respondents filed their supplemental response on August 3, 2010. (Doc. 28). On February 25, 2011, to facilitate its review, the Court ordered that Respondents file the full trial record with the court; Respondents had attached only select portions of the record to their response. (Doc. 29). Respondents filed the full record with this Court on March 4, 2011. (Docs. 30–33).

On March 31, 2011, this Court issued an Order adopting the R&R in part, but finding that the Arizona Court of Appeals unreasonably rejected Petitioner's Faretta claim. (Doc. 34) The Court also determined that, before it could resolve Petitioner's Faretta claim, an evidentiary hearing was necessary to determine if Petitioner expressly consented to his exclusion from the jury-note conferences. (Id.). On April 6, 2011, Petitioner filed his Motion to Appoint Counsel and to Be Present at Hearing. (Doc. 35). On April 8, 2011, Respondents filed the instant Motion for Reconsideration and Notice of Supplemental Authority. (Doc. 36).

## II.    RESPONDENTS' MOTION FOR RECONSIDERATION

In their motion for reconsideration, Respondents ask this Court to reconsider the portion of its motion granting Petitioner an evidentiary hearing in light of the Supreme Court's recent decision in Cullen v. Pinholster, __S.Ct.__, 2011 WL 1225705 (April 4, 2011). Alternatively, Respondents argue that further development of the record is barred by 28 U.S.C. § 2254(e)(2).

### A.    Legal Standard

A district court may alter or amend its decision pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465

- 2 -

1  F.3d 24, 30 (1st Cir. 2006) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
2  FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). Relief under Rule 59(e) is
3  appropriate only if: (1) "the motion is 'necessary to correct manifest errors of law or fact
4  upon which the judgment is based'; (2) the moving party presents 'newly discovered or
5  previously unavailable evidence'; (3) the motion is necessary to 'prevent manifest injustice';
6  (4) there is an 'intervening change in controlling law.'" Turner v. Burlington Northern Santa
7  Fe R. Co., 228 F.3d 1058, 1063 (9th Cir. 2003) (quoting McDowell v. Calderon, 197 F.3d
8  1253, 1254 n.1 (9th Cir. 1999)). "Rule 59(e) . . . 'may not be used to relitigate old matters,
9  or to raise arguments or present evidence that could have been raised prior to the entry of
10 judgment.'" Exxon Shipping Co. v. Baker, 128 S.Ct. 2605, 2617 n.5 (2008) (quoting 11
11 WRIGHT & MILLER, supra, at 127-128); see Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.
12 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the
13 first time when they could reasonably have been raised earlier in the litigation."); see also
14 LRCiv 7.2(g) ("Any . . . motion [for reconsideration] shall point out with specificity . . . any
15 new matters being brought to the Court's attention for the first time and the reasons they
16 were not presented earlier . . . .").

17        **B.    Discussion**

18               **1.    Pinholster does not apply to this case**

19        In Pinholster, the United States Supreme Court held that new evidence presented at
20 an evidentiary hearing cannot be considered in assessing whether a state court's decision
21 "was contrary to, or involved an unreasonable application of, clearly established Federal law"
22 under § 2254(d)(1). 2011 WL 1225705 at *8–9. Accordingly, in reviewing the
23 reasonableness of a state court's decision, a district court may rely only on the record that
24 was before the state court, which is exactly what this Court did. Id. at *10. Based solely on
25 the state court record, the Court determined that Petitioner's exclusion from the jury-note
26 conferences deprived him of actual control over his case in violation of Faretta and
27 McKaskle, and that the Arizona Court of Appeals' decision to the contrary was unreasonable.
28        Respondents' assertion that Pinholster prohibits this Court from considering new

evidence on the topic of express consent is predicated largely on Respondents' misunderstanding of this Court's March 31 Order. The Court's determination that the Arizona Court of Appeals unreasonably applied clearly established federal law was not, and is not, provisional. In other words, this Court made a final decision concerning the unreasonableness of the state court's decision, based on the state court record, and that decision is not dependent on the outcome of the evidentiary hearing. Having determined Petitioner's Faretta claim satisfied § 2254(d)(1), it fell to this Court to resolve the claim. See Panetti v. Quarterman, 551 U.S. 930, 953 (2007) (noting that when a court finds an unreasonable application of controlling federal law, the court must then "resolve the claim without the deference AEDPA otherwise requires."). Out of an abundance of caution, and guided by the Ninth Circuit's analysis in Frantz, this Court ordered an evidentiary hearing to make certain, because it was not completely clear from the record and was disputed by the Parties, that Petitioner did not in fact waive his Faretta rights by expressly consenting to standby counsel's solo participation at the jury-note conferences. What is dependent on the evidentiary hearing, therefore, is whether relief will ultimately be granted, not whether the state court acted unreasonably. Accordingly, Pinholster does not prevent this Court from considering evidence of express consent presented at the evidentiary hearing.

Additionally, in their motion, Respondents argue that further development of the record on the issue of express consent is not needed. They assert that the Faretta standard—whether standby counsel's *unsolicited* participation deprives a defendant of actual control over his case— assumes a lack of consent. In other words, Respondents posit that the Faretta standard, by definition, applies only when a defendant did not consent to standby counsel's participation. The Court agrees. In choosing to apply Faretta, the Arizona Court of Appeals appears to have assumed that Petitioner did not consent to standby counsel's solo participation at the jury note conferences. Accordingly, in addressing the reasonableness of the appeals court's decision, the Court did not need to consider whether Petitioner expressly consented. If it is Respondents' position—and it appears to be—that the state court implicitly found that Petitioner did not consent, and Respondents are correct that implied

- 4 -

factual findings are presumed correct under § 2245(e)(1), than an evidentiary hearing on the issue of consent is not necessary and relief can be granted without any further proceedings. (Doc. 36, p.4 (citing Taylor v. Horn, 504 F.3d 416, 433 (3d. Cir. 2007), for the proposition that implied factual findings are presumed correct under § 2245(e)(1)).

If Respondents continue to assert that express consent is a non-issue, they should notify the Court that they concede Petitioner did not expressly consent to standby counsel's solo participation at the jury-note conferences. Otherwise, the evidentiary hearing will be held as planned. Respondents' motion for reconsideration based on Pinholster is denied.

**2.     An evidentiary hearing is not barred by 28 U.S.C. § 2254(e)(2)**

In its Order, this Court determined that 28 U.S.C. § 2254(e)(2) did not prohibit an evidentiary hearing in this case. In arguing that the Court was incorrect, Respondents have done nothing more than cite the standard and assert generally that Petitioner was not diligent because he failed to prosecute his Rule 32 petition. The Court, however, addressed the issue of Petitioner's diligence in its Order, explaining that because Petitioner raised his Faretta claim on direct appeal, he was not permitted to re-litigate it during the Rule 32 phase of the proceedings, the collateral-attack phase at which an evidentiary hearing would have been available to him. See Ariz. R. Crim. P. 32.2 (precluding a defendant from raising in a Rule 32 petition any claim "[f]inally adjudicated on the merits on appeal or in any previous collateral proceeding."). In their instant motion, Respondents have given the Court no reason to revisit its prior determination. Instead, they have merely espoused a contrary position to that of the Court without citation to any relevant or contradictory authority. Their motion, therefore, is denied.

**II.     PETITIONER'S MOTION TO APPOINT COUNSEL AND BE PRESENT AND THE HEARING**

Petitioner requests that this Court appoint counsel. The Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis that Petitioner has filled out and returned to this Court demonstrates that Petitioner is indigent. Accordingly, appointment of counsel is mandatory and counsel will be appointed. United States v. Duarte-Higareda, 68 F.3d 369,

- 5 -

1  370 (9th Cir. 1995) (stating that appointment of counsel is mandatory in Section 2254 and
2  2255 cases which require evidentiary hearings for indigent petitioners (citing Rule 8(c) of
3  the Rules Governing Section 2255 Proceedings in the United States District Courts)).
4  Petitioner also requests that he be allowed to be present at the evidentiary hearing. This
5  request appears to be reasonable and the Court will arrange for Petitioner's presence at the
6  evidentiary hearing.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Respondents' Motion for Reconsideration and Notice of Supplemental Authority. (Doc. 36).

**IT IS FURTHER ORDERED** granting Petitioner's Motion to Appoint Counsel and to Be Present at Hearing. (Doc. 35).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to provide a copy of this Order to the office of the Federal Public Defender.

DATED this 21st day of April, 2011.

_____
Mary H. Murguia
United States District Judge